## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALEH ALTAYYAR, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ETSY, INC., CHAD DICKERSON, and KRISTINA SALEN, <br><br> Defendants. | **Case No.**   15-cv-2785 <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS** <br><br> **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Saleh Altayyar ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Etsy, Inc., ("Etsy" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

### NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased or otherwise acquired Etsy securities between April 16, 2015 and May 10, 2015, both dates inclusive (the "Class Period"), seeking to recover damages caused by defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2.      Defendant Etsy, Inc. operates online and offline marketplaces to buy and sell handmade items, vintage goods, and craft supplies. Its platform connects sellers and buyers to sell or buy products for art, home and living, mobile accessories, jewelry, wedding, and other products.

3.      The Company was founded in 2005, is headquartered in Brooklyn, New York, and its shares trades on the NASDAQ under the ticker symbol "ETSY".  It maintains additional offices in Berlin, Germany; Dublin, Ireland; Hudson, New York; London, United Kingdom; Melbourne, Australia; Paris, France; San Francisco, California; and Toronto, Canada.

4.      Throughout the Class Period, defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (1) more than 5% of all merchandise for sale on Etsy's website may be either counterfeit or constitute trademark or copyright infringement; (2) Brands are increasingly pursuing sellers on Etsy for trademark or copyright infringement, jeopardizing the Company's  listing fees and commissions; and (3) as a result of the foregoing, Etsy's public statements were materially false and misleading at all relevant times.

2

5.     On May 11, 2015, before the market opened for trading, numerous news outlets, including *Bloomberg* and the *Associated Press*, reported that Gil Luria, an equity analyst at Wedbush Securities, issued a note downgrading Etsy to "Underperform." In the note, Luria stated, in part:

> [O]ur analysis and discussions with IP lawyers lead us to believe questionable seller practices may draw increased scrutiny, eventually limiting volume growth. Considering a limited TAM and shares trading at nearly double the most expensive comparable at 66x EBITDA we are downgrading to Underperform from Neutral.
>
> Our research indicates as many as 2 million items on Etsy (>5% of all merchandise) may potentially be either counterfeit or constitute trademark or copyright infringement. We believe the share of GMS may be greater considering Etsy has become a go-to destination for counterfeits. Counterfeit candidates include items infringing on Louis Vuitton, Chanel and Michael Kors, as well as a wide range of Disney and NFL brands.

6.     As a result of this news, shares of Etsy fell $1.86, or over 8%, on unusually heavy volume, to close at $20.85 on May 11, 2015.

7.     As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

8.     The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

9.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

10.     Venue is proper in this District pursuant to §27 of the Exchange Act and 28 U.S.C. §1391(b), as Defendant is headquartered in this District and a significant portion of the Defendants' actions, and the subsequent damages, took place within this District.

11.     In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

12.     Plaintiff, as set forth in the attached Certification, acquired Etsy securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

13.     Defendant Etsy is a Delaware corporation with its principal executive offices located at 55 Washington Street Suite 712 Brooklyn, NY 11201. Etsy's common stock trades on the NASDAQ under the ticker symbol "ETSY."

14.     Defendant Chad Dickerson ("Dickerson") has served at all relevant times as the Company's President, Chief Executive Officer ("CEO"), and Chairman.

15.     Defendant Kristina Salen ("Salen") has served at all relevant times as the Company's Chief Financial Officer ("CFO").

16.     The defendants referenced above in ¶¶ 14 - 15 are sometimes referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS
### Background

17.     Defendant Etsy, Inc. operates online and offline marketplaces to buy and sell handmade items, vintage goods, and craft supplies. Its platform connects sellers and buyers to

4

sell or buy products for art, home and living, mobile accessories, jewelry, wedding, and others.

18.    The Company was founded in 2005, is headquartered in Brooklyn, New York, and its shares trades on the NASDAQ under the ticker symbol "ETSY".  It has additional offices in Berlin, Germany; Dublin, Ireland; Hudson, New York; London, United Kingdom; Melbourne, Australia; Paris, France; San Francisco, California; and Toronto, Canada.

## Materially False and Misleading
## Statements Issued During the Period

19.    The Class Period begins on April 16, 2015 when ETSY filed a final prospectus (the "Prospectus") on Form 424B4 with the SEC in connection with its Initial Public Offering ("IPO"). The Prospectus was part of a registration statement, filed on Form F-1 with the SEC on March 4, 2015, and declared effective by the SEC on Apr 15, 2015 (the "Registration Statement"). The Registration Statement was signed by defendants Dickerson and Salen.

20.    In the Prospectus, the Company reported its financial and operating results for the year ending 2014. Net loss was $15.2 million or $0.38 per diluted share on revenue of $195.6 million, compared to a net loss of $0.8 million or $0.2 per diluted share on revenue of $125 million for the prior year.

21.    The statements referenced in ¶ 20 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts, which were known to defendants or recklessly disregarded by them, including that: (1) more than 5% of all merchandise for sale on Etsy's website may be either counterfeit or constitute trademark or copyright infringement; (2) Brands are increasingly pursuing sellers on Etsy for trademark or copyright infringement, jeopardizing listing fees and commissions; and (3) as a result of the foregoing, Etsy's public statements were materially false and misleading at all relevant times.

**The Truth Emerges**

22.     On May 11, 2015, before the market opened for trading, numerous news outlets, including *Bloomberg* and the *Associated Press*, reported that Gil Luria, an equity analyst at Wedbush Securities, issued a note downgrading Etsy to "Underperform." In the note, Luria stated, in part:

> [O]ur analysis and discussions with IP lawyers lead us to believe questionable seller practices may draw increased scrutiny, eventually limiting volume growth. Considering a limited TAM and shares trading at nearly double the most expensive comparable at 66x EBITDA we are downgrading to Underperform from Neutral.
>
> Our research indicates as many as 2 million items on Etsy (>5% of all merchandise) may potentially be either counterfeit or constitute trademark or copyright infringement. We believe the share of GMS may be greater considering Etsy has become a go-to destination for counterfeits. Counterfeit candidates include items infringing on Louis Vuitton, Chanel and Michael Kors, as well as a wide range of Disney and NFL brands.

23.     As a result of this news, shares of Etsy fell $1.86 or over 8%, on unusually heavy volume, to close at $20.85 on May 11, 2015.

24.     As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

25.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Etsy securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures.  Excluded from the Class are defendants herein, the officers and directors of the Company, at all relevant times, members of their

immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

26.     The members of the Class are so numerous that joinder of all members is impracticable.   Throughout the Class Period, Etsy securities were actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Etsy or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

27.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

28.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

29.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by defendants' acts as alleged herein;

- whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Etsy;

- whether the Individual Defendants caused Etsy to issue false and misleading financial statements during the Class Period;

- whether defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Etsy securities during the Class Period were artificially inflated because of the defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

30.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

31.    Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Etsy securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold Etsy securities between the time the defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

32.      Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

33.      Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### (Against All Defendants For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder)

34.      Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

35.      This Count is asserted against defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

36.      During the Class Period, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Etsy securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise

acquire Etsy securities and options at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

37.      Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Etsy securities.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Etsy's finances and business prospects.

38.      By virtue of their positions at Etsy, defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to defendants.  Said acts and omissions of defendants were committed willfully or with reckless disregard for the truth.  In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

39.      Defendants were personally motivated to make false statements and omit material information necessary to make the statements not misleading in order to personally benefit from the sale of Etsy securities from their personal portfolios.

40.     Information showing that defendants acted knowingly or with reckless disregard for the truth is peculiarly within defendants' knowledge and control.  As the senior managers and/or directors of Etsy, the Individual Defendants had knowledge of the details of Etsy's internal affairs.

41.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.  Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Etsy.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Etsy's businesses, operations, future financial condition and future prospects.  As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Etsy securities was artificially inflated throughout the Class Period.  In ignorance of the adverse facts concerning Etsy's business and financial condition which were concealed by defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Etsy securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by defendants, and were damaged thereby.

42.     During the Class Period, Etsy securities were traded on an active and efficient market.  Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Etsy securities at prices artificially inflated by defendants' wrongful conduct.  Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise

11

acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.  At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Etsy securities was substantially lower than the prices paid by Plaintiff and the other members of the Class.  The market price of Etsy securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

43.     By reason of the conduct alleged herein, defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

44.     As a direct and proximate result of defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

### COUNT II
### (Violations of Section 20(a) of the
### Exchange Act Against The Individual Defendants)

45.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46.     During the Class Period, the Individual Defendants participated in the operation and management of Etsy, and conducted and participated, directly and indirectly, in the conduct of Etsy's business affairs.  Because of their senior positions, they knew the adverse non-public information about Etsy's misstatement of income and expenses and false financial statements.

47.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Etsy's

financial condition and results of operations, and to correct promptly any public statements issued by Etsy which had become materially false or misleading.

48.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Etsy disseminated in the marketplace during the Class Period concerning Etsy's results of operations.  Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Etsy to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Etsy within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Etsy securities.

49.     Each of the Individual Defendants, therefore, acted as a controlling person of Etsy.  By reason of their senior management positions and/or being directors of Etsy, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Etsy to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of Etsy and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

50.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Etsy.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.      Requiring defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.      Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.      Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: May 13, 2015

Respectfully submitted,

**POMERANTZ, LLP**

By: _____

Jeremy A. Lieberman
C. Dov Berger
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

and

**BRONSTEIN GEWIRTZ & GROSSMAN LLP**
Peretz Bronstein
60 E. 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Attorneys for Plaintiff*

14

## CERTIFICATION PURSUANT
## TO FEDERAL SECURITIES LAWS

1.   I, _Saleh Allaypar_, make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.   I have reviewed a Complaint against ETSY, Inc. ("ETSY" or the "Company") and, authorize the filing of a comparable complaint on my behalf.

3.   I did not purchase or acquire ETSY securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4.   I am willing to serve as a representative party on behalf of a Class of investors who purchased or acquired ETSY securities during the class period, including providing testimony at deposition and trial, if necessary.  I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.   To the best of my current knowledge, the attached sheet lists all of my transactions in ETSY securities during the Class Period as specified in the Complaint.

6.   During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

7.   I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.  I declare under penalty of perjury that the foregoing is true and correct.

Executed   5/13/15
             **(Date)**

                              **(Signature)**

                    Saleh Altayyar
                    **(Type or Print Name)**

## SUMMARY OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHARES | PRICE PER SHARE |
|------|------------------|------------------|-----------------|
| 5/8/15 | 2360.00 | 100 | $23.60 |
| 5/8/15 | 1182.50 | 50 | $23.65 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |